# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADM INTERMARE – A Division of ADM International SARL,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>GLOBAL AMERICAN TRANSPORT LLC,<br><br>　　　　　　　Respondent. | )<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S OPENING BRIEF IN SUPPORT OF ITS PETITION AND
MOTION FOR CONFIRMATION OF A FOREIGN ARBITRATION AWARD**

　　　　　　　　　　　　　　　　　　FAEGRE DRINKER
　　　　　　　　　　　　　　　　　　BIDDLE & REATH LLP
　　　　　　　　　　　　　　　　　　Todd C. Schiltz (#3253)
　　　　　　　　　　　　　　　　　　Dami E. Omotunde (#7246)
　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1410
　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　todd.schiltz@faegredrinker.com
　　　　　　　　　　　　　　　　　　dami.omotunde@faegre.drinker.com
　　　　　　　　　　　　　　　　　　(302) 467-4200
　　　　　　　　　　　　　　　　　　(302) 467-4215

　　　　　　　　　　　　　　　　　　*Attorneys for ADM Intermare* – A Division of
　　　　　　　　　　　　　　　　　　ADM International SARL

Dated:  September 25, 2025

Petitioner ADM Intermare – A Division of ADM International SARL ("ADM") respectfully submits this opening brief in support of its petition and motion, pursuant to 9 U.S.C. § 207, for confirmation of a final foreign arbitration award (the "Award") issued in ADM's favor and against respondent Global American Transport LLC, ("GAT") and entry of a judgment consistent therewith.

## Preliminary Statement

The Court should confirm the Award and enter the proposed Order attached to the Petition because GAT cannot carry its high burden of proving that one of the limited bases for refusing confirmation applies here. It is well established that this Circuit strongly favors the enforcement of arbitral awards and, as a result, the role of district courts in reviewing arbitral awards is strictly circumscribed. Because the Award was issued outside of the United States and was decided under English law, the Court may deny ADM's motion for confirmation *only* if GAT proves the existence of one of the seven grounds set forth in the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (the "Convention"). As discussed more fully below, none of those grounds apply to this case.

## Factual Background

The relevant facts are set forth in the Petition and Motion to Confirm a Final Foreign Arbitration Award (the "Petition"), as well as the documents attached to the Petition, and they will not be repeated here. ADM reserves the right to submit any additional facts, if necessary.

## Argument

### I.     Standards for Confirmation of Arbitration Awards

The Third Circuit has made it clear that, as a general matter, arbitration awards should be confirmed summarily. "In an oft-cited opinion concerning enforcement of a foreign arbitration

1

award, the Court of Appeals for the Second Circuit noted the 'general pro-enforcement bias informing the Convention,' explaining that the Convention's 'basic thrust was to liberalize procedures for enforcing foreign arbitral awards.'" *China Minmetals Materials Import and Export Co. v. Chi Mei Corp.,* 334 F.3d 274, 283 (3d Cir. 2004) (quoting *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier,* 508 F.2d 969, 974 (2d Cir. 1974)). *See also Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237, 241 (3d Cir. 2006) ("There is a strong presumption under the Federal Arbitration Act .. in favor of enforcing arbitration awards."). "Consistent with the policy of favoring enforcement of foreign arbitral awards, parties have limited defenses to recognition and enforcement of an award …." *Admart AG v. Stephen and Mary Birch Foundation,* 457 F.3d 302, 307 (3d Cir. 2006).

The district court's role in reviewing a foreign arbitral award is likewise "limited." *Id*. Section 207 of the Federal Arbitration Act states: "The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.  Article V of the Convention lists the exclusive grounds for refusing to enforce a foreign arbitral award.  *Admart,* 457 F.3d at 308 ("'in an action to confirm an award rendered in, or under the law of, a foreign jurisdiction, the grounds for relief enumerated in Article V of the Convention are the only grounds available for setting aside an arbitral award'") (citation omitted); *Schwartzman v. Harlap*, 377 Fed. Appx. 108, 109 (2d Cir. 2010) ("Article V of the convention provides seven exclusive grounds upon which courts may refuse to recognize an award."); *M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 (6th Cir. 1996) (same); *G & G Investment, Inc. v. Buschmeier*, 2010 WL 4929081, at *8 (W.D. Pa. Nov. 30, 2010) (same).

Under Article V(1) of the Convention, the grounds for refusing to enforce an arbitral award are limited to the following:

2

> (a) The parties to the agreement... were... under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it ...; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings...; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration...; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties...; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

21 U.S.T. 2517, Article V(1). Under paragraph 2 of Article V of the Convention, enforcement may also be refused if "[t]he subject matter of the difference is not capable of settlement by arbitration" in the jurisdiction in which enforcement is sought, or if "recognition or enforcement of the award would be contrary to the public policy" of the jurisdiction in which enforcement is sought. 21 U.S.T. 2517, Article V(2). Courts strictly apply Article V and generally view its defenses to confirmation narrowly. *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 291 (3d Cir. 2010).

## II.   None of the Grounds Set Forth in the Convention Apply Here

GAT cannot carry its burden of proving that the Convention bars confirmation of the Award. *SEI Societa Esplosivi Indistriali SpA v. L-3 Fuzing and Ordnance Systems, Inc.*, 843 F. Supp.2d 509, 513 (D. Del. 2012) (noting that Article V of the Convention states "recognition and

enforcement of an award may be refused, at the request of the party against whom it is invoked, only if the party furnishes to the competent authority … proof that [one of the exceptions to recognition applies]" and stating that Article V places the burden of proof in an enforcement action on the party opposing enforcement) (alteration in original).

As detailed in paragraphs 30-33 of the Petition, GAT was given proper notice of the appointment of the Arbitrator and the arbitration proceedings. Convention Article V(1)(b). The Award resolved issues that were properly before the Arbitrator and granted ADM relief that it expressly asked the Arbitrator to award. Convention Article V(1)(c). GAT has no grounds to assert that the composition of the arbitral authority or the procedure for the arbitration was not in accordance with the parties' agreement. Convention Article V(1)(d). Furthermore, it is beyond dispute that Award has become final and binding upon the parties. Convention Article V(1)(e).

There is similarly no reason in this case to apply either of the grounds in paragraph 2 of Article V. With regard to Article V(2)(a), the subject matter of the arbitration—which is whether GAT was required to adhere to the Contract and pay ADM $278,654.47 for both (i) $78,654.47 balance of hire and (ii) the $200,000 bunker fee—is certainly capable of being arbitrated under Delaware law.

With regard to Article V(2)(b), the Third Circuit has held that "[e]nforcement of foreign arbitral awards may be denied [based on the New York Convention's public policy defense] only where enforcement would violate the forum state's most basic notions of morality and justice." *Steel Corp. of the Philippines v. Int'l Steel Servs., Inc.*, 354 Fed. Appx. 689, 694 (citing *Parsons & Whittemore Overseas Co.*, 508 F.2d at 974) (alteration in *Steel Corp.*). In this case, there is nothing about the Award that would offend "basic notions of morality and justice" in Delaware. The Award was issued by a properly seated arbitrator, and the relief granted by the arbitrator is

well within his power. Given the pro-enforcement bias of the courts in this jurisdiction, the Court should reject any attempt by GAT to avoid its obligations under the Award.

## Conclusion

For the foregoing reasons, ADM respectfully requests that the Court grant ADM's petition for confirmation and enter the order and judgment requested in the Petition.

FAEGRE DRINKER
BIDDLE & REATH LLP

/s/ Todd C. Schiltz
Todd C. Schiltz (#3253)
Dami E. Omotunde (#7246)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
todd.schiltz@faegredrinker.com
dami.omotunde@faegredrinker.com

*Counsel for Petitioner ADM Intermare* – A Division of ADM International SARL

Dated: September 25, 2025